UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHMOND ESSEX, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>CHANEL WILLIAMS, et al.,<br><br>Defendants. | Case No. 19-cv-01951-WHO<br><br>**ORDER GRANTING APPLICATION TO PROCEED IFP; SUA SPONTE REMANDING CASE TO SUPERIOR COURT** |

Defendant Chanel Williams removed this unlawful detainer complaint from Contra Costa County Superior Court to this Court on April 11, 2019. Williams filed a motion for leave to proceed in forma pauperis (IFP). Dkt. No. 2. Defendant's motion to proceed IFP is GRANTED. However, because my review of the removed complaint and notice of removal show that there is no federal jurisdiction over the state law unlawful detainer action, this case is DISMISSED SUA SPONTE and REMANDED back to Contra Costa County Superior Court.

I. *SUA SPONTE* **JURISDICTIONAL SCREENING**

A complaint filed by a person proceeding IFP under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc).

A defendant in state court may remove an action to federal court if the action could have been filed originally in federal court. 28 U.S.C. § 1441(b). The defendant has the burden of proving the basis for the federal court's jurisdiction, and, generally, "the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09

(1941). Original jurisdiction may be based on diversity or a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). For diversity jurisdiction, the opposing parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). There is federal question jurisdiction if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal question jurisdiction to exist. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to create jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009). Similarly, federal question jurisdiction cannot rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). "The court may — indeed must — remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *Canterbury Lots 68, LLC v. De La Torre*, 2013 WL 781974, at *1 (C.D. Cal. Feb. 28, 2013) (citing *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[T]he district court must remand if it lacks jurisdiction.")).

## II. THERE IS NO DIVERSITY JURISDICTION

Williams does not plead any facts in her notice of removal to support diversity jurisdiction. The notice of removal claims only that there is "federal question" jurisdiction. Dkt. No. 1 at ECF pgs. 2, 4. In addition, the underlying unlawful detainer Complaint asserts that the value of the case is: $1,014.00 in unpaid rent; daily rent of $67.63 per day from April 1, 2019 on; and attorney's fees of at least $700. *Id*. at ECF pg. 12. Based on these allegations, the required amount in controversy of $75,000 or more cannot be satisfied. *See* 28 U.S.C. § 1332(a).

## III. THERE IS NO FEDERAL QUESTION JURISDICTION

The only claim asserted in the underlying case is for unlawful detainer, which arises under state law, not federal law. Cal. Civ. Proc. Code § 1161; *Fed. Nat'l Mortg. Ass'n v. Lopez*, No. 11-CV-0451-WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011). A defense or counterclaim, even one arising under federal law like the Protecting Tenants at Foreclosure Act repeatedly cited by Williams, does not create federal question jurisdiction. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005); *see also Nguyen v. Bui*, No. 12-CV-0501-HRL, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21, 2012) (holding that affirmative defenses based upon Federal Truth in Lending Act and Real Estate Settlement Procedures Act do not confer federal jurisdiction); *Aurora Loan Serv., LLC v. Martinez*, No. 10-CV-1260-HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (affirmative defense based on the Protecting Tenants at Foreclosure Act does not confer federal jurisdiction).

Because there is no federal jurisdiction over the unlawful detainer Complaint, this case must be DISMISSED and REMANDED back to the Contra Costa County Superior Court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 18, 2019

William H. Orrick
United States District Judge